UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

ROLINDA CADET,

    Plaintiff,

vs.

AMAZON.COM SERVICES LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROLINDA CADET ("Ms. Cadet" or "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against the Defendant, AMAZON.COM SERVICES LLC. ("Defendant"), and alleges the following:

1. Plaintiff brings these claims for sex based discrimination, sexual harassment, and retaliation in violation of Title VII and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat. to recover from Defendant back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

## JURISDICTION, VENUE, AND PARTIES

2. This Court has original jurisdiction over Plaintiff's Title VII claims as they arise under federal law, pursuant to Title VII.

3. This Court has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her Title VII claims.

4. Defendant is located and doing business in Broward County, Florida, and is

therefore within the jurisdiction of the Court.

5. Venue is proper because Defendant conducts substantial business in Broward County, Florida, and Plaintiff worked for Defendant in Broward County, Florida, where the actions at issue took place.

6. During all times relevant, Plaintiff lived in Broward County, Florida.

7. Plaintiff is protected by Title VII/FCRA because:

   a. She was a female who suffered discrimination based on her sex by Defendant;

   b. She suffered an adverse employment action and was subjected to an increasingly hostile work environment based on her sex, including being subjected to sexual harassment and discrimination, and for objecting to sex based discrimination and sexual harassment; and

   c. Defendant was at all material times an "employer" as defined by Title VII/FCRA as it employed in excess of fifteen (15) employees.

## GENERAL ALLEGATIONS

8. Ms. Cadet worked for Defendant as a Delivery Associate out of Defendant's Sunrise, Florida, distribution center from March 13, 2019, until her termination on October 6, 2019.

9. Throughout the summer and fall of 2019, Ms. Cadet was subjected to extreme and humiliating sexual harassment by a co-worker, Driver Carlos Veizhen.

10. Mr. Veizhen routinely called Ms. Cadet "baby" in sexually suggestive tones.

11. Mr. Veizhen routinely made crude sexual gestures towards Ms. Cadet and other female co-workers.

12. Mr. Veizhen continually invaded Ms. Cadet's personal space.

13. Worse, Mr. Veizhen gave Ms. Cadet unwanted hugs and inflicted other unwanted touching upon her person.

14. In August or September of 2019, on one particularly distressing and humiliating occasion, Mr. Veizhen taunted at Ms. Cadet when her pants were stained with menstrual blood.

15. In early September of 2019, fed up with the relentless harassment and discrimination based on sex that she was being forced by Defendant to endure, Ms. Cadet objected to her supervisor, John Buzby, that she was suffering from sexual harassment and sex-based discrimination.

16. Defendant did nothing to rectify the problems or address its violations of law.

17. On September 30, 2019, Ms. Cadet therefore objected to Defendant's violations of law in writing via Defendant's "ethics point" reporting system.

18. On October 6, 2019, less than one (1) week later, Defendant retaliated against Ms. Cadet by terminating her employment, effective immediately.

19. Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive hostile working environment.

20. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for Plaintiff's discharge.

21. Any reason provided for Plaintiff's discharge by Defendant is a pretext and cover up for illegal retaliation.

22. Plaintiff's discharge was due to the hostile work environment caused by the Defendant's acts of sex based discrimination, sexual harassment, and retaliation for Plaintiff's objections to Defendant's conduct in not taking prompt remedial measures to alleviate sexual harassment and retaliation as the law requires.

23. Plaintiff's objections to Defendant's violations of law were the cause of Defendant's termination of Plaintiff's employment.

24. The temporal proximity between Plaintiff's objections to Defendant's illegal conduct, or what Plaintiff reasonably believed to be illegal conduct, Defendant's failure to remedy the illegal conduct, and her discharge, is sufficiently close to create the necessary nexus between the events.

25. By reason of the foregoing, Defendant's actions affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by Title VII/ FCRA.

26. As a result of the above conduct by Defendant, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

27. Defendant did not have a subjective or objective good faith basis for its actions.

28. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## SEX DISCRIMINATION/SEXUAL HARASSMENT
## IN VIOLATION OF TITLE VII

29. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, 4-28 of the Complaint, as if fully set forth in this Count.

30. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex-based discrimination and sexual harassment under Title VII.

31. The discrimination/harassment to which Plaintiff was subjected was severe and pervasive, and was based on her sex.

32. Due to the severe and pervasive sex based discrimination and sexual harassment Defendant created a hostile work environment.

33. The conduct of Defendant and its agents and employees proximately, directly, and

foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

34. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future

35. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

**WHEREFORE**, Plaintiff requests judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II
## SEX DISCRIMINATION/SEXUAL HARASSMENT
## IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

36. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3-28 of the Complaint, as if fully set forth in this Count.

37. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex discrimination and sexual harassment under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

38. The discrimination/harassment to which Plaintiff was subjected was severe and pervasive, and was based on her sex.

39. Due to the severe and pervasive sex-based discrimination and sexual harassment Defendant created a hostile work environment.

40. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

41. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

42. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

43. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

### COUNT III
### RETALIATION IN VIOLATION OF TITLE VII

44. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, 4-28 of the Complaint, as if fully set forth in this Count.

45. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her sex and subjected to sexual harassment.

46. Plaintiff's objections constituted protected activity under Title VII.

47. Plaintiff was terminated as a direct result of her objections to what she reasonably

believed to be sex discrimination and sexual harassment.

48. Plaintiff's objections to Defendant's illegal conduct, and her discharge, are causally related.

49. Defendant's stated reasons for Plaintiff's discharge are a pretext.

50. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

51. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing sex discrimination and sexual harassment under the Title VII.

52. Defendant retaliated against Plaintiff because of her opposition to Defendant's illegal, discriminatory conduct.

53. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

54. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

55. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and

injunctive relief, and such other and further relief as is deemed just and proper by this Court.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

56. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3-28 of the Complaint, as if fully set forth in this Count.

57. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her sex and subjected to sexual harassment.

58. Plaintiff's objections constituted protected activity under FCRA.

59. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be sex discrimination and sexual harassment.

60. Plaintiff's objections to Defendant's illegal conduct, and her discharge, are causally related.

61. Defendant's stated reasons for Plaintiff's discharge are a pretext.

62. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

63. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing sex discrimination and sexual harassment under the FCRA.

64. Defendant retaliated against Plaintiff because of her opposition to Defendant's illegal, discriminatory conduct.

65. The conduct of Defendant was so willful and wanton, and in such reckless disregard

of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

66.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

67.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on this 5th day of January, 2022.

By: **/s/ Noah Storch**
Noah Storch, Esq.
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, FL 33324
Telephone:  (866) 344-9243
Facsimile:  (954) 337-2771

*Attorney for the Plaintiff*